UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DAN G. VERHAAG, SR., a single person, and WAYNE and ROBERTA VERHAAG, a marital community, | ) ) ) ) | No. CV-11-277-LRS |
| Plaintiffs, | ) ) ) | **ORDER DENYING MOTION TO RECONSIDER** |
| vs. | ) ) | |
| STEVENS COUNTY, et al. | ) ) | |
| Defendant. | ) ) ) | |

**BEFORE THE COURT** is the *pro se* Plaintiffs' motion to reconsider this Court's *sua sponte* dismissal of Plaintiffs' case for lack of subject matter jurisdiction. (ECF No. 12). This motion is heard without oral argument. (ECF No. 13). For the reasons set forth below, the Court denies Plaintiffs' Motion to Reconsider (ECF No. 12) and affirms the Order of Dismissal. (ECF No. 10).

**I**

A Fed. R. Civ. P. 59(e) motion for reconsideration can only be granted when a district court: (1) is presented with newly

**ORDER DENYING MOTION TO RECONSIDER- 1**

discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiff has not presented newly discovered evidence nor alleged there has been a change in controlling law. Therefore, this Court reviews the Order of Dismissal (ECF No. 10) for clear error and manifest injustice.

This Court dismissed Plaintiffs' case for lack of jurisdiction. (ECF No. 10). Article III grants the judiciary jurisdiction to resolve "Cases ... arising under this Constitution, the laws of the United States, and treaties." Accordingly, this Court has jurisdiction over "civil actions" that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

**II**

Plaintiffs fail to assert a cause of action arising under the Constitution, laws, or treaties of the United States. In the Order of Dismissal, this Court summarized Plaintiffs' claims as follows:

> "[t]he seven claims for relief listed by the Plaintiffs in their Complaint (ECF No. 6) are all based on common law or Washington statutory law ... In conjunction with the Plaintiff's claim for fraud there is a reference to alleged violations of 'Title 43 U.S.C., Antiquities Act' and the 'Congressional Ordinance of the Cadastral Survey.'"

**ORDER DENYING MOTION TO RECONSIDER- 2**

(ECF No. 10 at 1). In their motion for reconsideration, Plaintiffs affirmed the Courts recitation of their claims by again alleging several state based real property claims, and by alleging "a violation of congressional ordinance", "the antiquities act" and Title 43 U.S.C. Additionally, the Plaintiffs assert "this court has overlooked our constitutional right to a fair trail." (ECF No. 12 at 1)(Error Original).

A. Congressional Ordinance

Plaintiffs' allege a violation of congressional ordinance because "federal section lines have been moved or altered." (ECF No. 12 at 1). "It is well established that a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress." *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) citing *Shulthis v. McDougal,* 225 U.S. 561, 569-70, 32 S.Ct. 704, 56 L.Ed. 1205 (1912). Accordingly, the mere claim that the federal government originally established section lines by way of congressional ordinance or that said section lines are now being altered on the Plaintiffs' private property, does not confer jurisdiction on this Court.

B. 43 U.S.C.

In their motion for reconsideration, Plaintiffs misstate the scope of 43 U.S.C. by claiming:

**ORDER DENYING MOTION TO RECONSIDER- 3**

> "The Federal Government is responsible to maintain the cadastral survey by way of congressional ordinance. The ordinance clearly states that the Department of Interior must resurvey a section line in dispute whether it is a government agency, federal lands or private land. **TITLE 43 U.S.C. Cadastral surveys in general create, re-establish, mark and define boundaries or tracts of land. The BLM is required to perform Cadastral Surveys on all Federal interest and Indian lands and all private land claims. Such surveys cannot be ignored, repudiated, altered or corrected, and the boundaries created or re-established cannot be cannot be [sic] changed so long as they control rights vested in the lands affect."**

(EFC No. 12 at 2)(Emphasis Original).

Contrary to Plaintiffs' assertion, 43 U.S.C. states "all private land" surveys are to be conducted only "so far as may be necessary to complete the survey of the public lands." 43 U.S.C. § 52.  Plaintiffs have not claimed that a survey of their privately held land is necessary to complete a survey of public lands.  Plaintiffs' only claim is that they, as private land-owners engaged in a dispute, are entitled to Cadastral Survey under 43 U.S.C.  Accordingly, 43 U.S.C. does not confer jurisdiction on this Court.

   C. Antiquities Act

     The Plaintiffs' accurately state the "Antiquities Act reinforces the preservation of said historical and or artifact[s] [sic] that is of concern to the people."  (ECF No. 12 at 2).  Plaintiffs have not claimed that their land is a historical monument or artifact of such public interest that is

**ORDER DENYING MOTION TO RECONSIDER- 4**

Case 2:11-cv-00277-LRS   Document 14   Filed 12/05/11

protected by federal statute.  Accordingly, the Antiquities Act does not confer jurisdiction on this Court.

### III

Upon review it is again "clear this is a boundary dispute governed by state law" and any "alleged violations of "'Title 43 U.S.C., Antiquities Act' and the "Congressional Ordinance of the Cadastral Survey'" do no confer jurisdiction on this Court. (ECF No. 10 at 1-2).  Because Plaintiffs fail to assert a cause of action arising under the Constitution, laws, or treaties of the United States, this Court's Order of Dismissal does not constitute plain error nor is it manifestly unjust.

Plaintiffs' Motion to Reconsider (ECF No. 12) is hereby **DENIED** and the Order of Dismissal is hereby **AFFIRMED.** (ECF No. 10).

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to the parties.

**DATED** this 5th day of December, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER DENYING MOTION TO RECONSIDER- 5**